IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DOUGLAS ALLEN WAYNE BRANAM,<br><br>                Petitioner<br><br>VS.<br><br>CYNTHIA M. NELSON,[1] WARDEN,<br><br>                Respondent | NO. 3:06-CV-7 (CAR)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Petitioner DOUGLAS ALLEN WAYNE BRANAM has filed a petition seeking federal habeas corpus relief. Tab #2.  The respondent has filed a MOTION TO DISMISS this petition, contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tabs #8 & 10.  The respondents' motion is supported by an attached Brief (Tab #10) and other documentation (Tab #11 ).  After being advised of his right to do so (Tab #12), petitioner filed a Response to the respondents' Motion (Tab #13).

Under the provisions of the AEDPA, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of–*

    *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

    *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

    *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

---

[1] Though the current respondent is FREDERICK HEAD, the petitioner's current custodian is actually CYNTHIA M. NELSON, the warden at of Autry State Prison and her name should be substituted per Rule 25(d) of the Federal Rules of Civil Procedure.

> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

The undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The petitioner was convicted of the offenses for which he is serving his current sentence on March 28, 1997. Since the petitioner did not file an appeal of his guilty plea – which under state law would need to have been filed by April 27, 1997 in order to be valid (O.C.G.A. §5-6-38) – his state convictions became final on that date. The petitioner did not file his *state* habeas corpus petition until **2003**. The tolling period afforded under the AEDPA will only toll state petitions that are pending review, which means that the statute of limitations was not tolled for the six years between the petitioner's conviction's becoming final and his filing of his state habeas corpus petition. Accordingly, the tolling provision does not rescue this petition, and it is untimely filed.

The petitioner argues that his sentence is not valid and that therefore the period for challenging his sentence cannot begin to run. This argument is not persuasive.

It is therefore RECOMMENDED that the petitioner's Petition for Habeas Corpus Relief (Tab #2) be DENIED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 23rd day of June, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE